IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
**3:14-CV-444-GCM**

| | |
|---|---|
| **KENNETH D. BELL, in his capacity as court-appointed Receiver for Rex Ventures Group, LLC d/b/a ZeekRewards.com** )<br>)<br>)<br>)<br>  Plaintiff,                    )<br>                                         )<br>  v.                                   )<br>                                         )<br>**CATHERINE PARKER, XIAOMEI WANG, BEVERLY DAWN TRCA-KITCHEN, BIN XU, JOEL BROUGHTON, FENG GUANG WU, DON FITZ-RITSON, RUTH KONIG, BUAN JUN ZHANG, LEON KILLAM, GUO HUA LIANG, SANDRA GAVEL, YONG SHENG WANG, DEVEY DEJONG, The Executor or Administrator of THE ESTATE OF BRUCE RICHARD FOELLER, BRIAN FUSSEY, SHAO ZHANG HUANG, JAMES MACELWAIN, EUGENE VEINOTTE, 0937702B.C. LTD, MICHAEL GALLUP, JIA YU WANG, YING LIU, JANE FERGUSON, ZAHID ALI, and MEI-PING LIANG,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>  Defendants.               ) | **PRETRIAL ORDER AND CASE MANAGEMENT PLAN** |

IN ACCORDANCE WITH the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following Pretrial Order and Case Management Plan in this matter. **Note that this Order incorporates certain proposed changes to Rule 16 of the Federal Rules of Civil Procedure (See Section II.D.)**

## I. DISCOVERY

A. DISCOVERY GUIDELINES - Pre-discovery disclosures will be exchanged **by September 2, 2015**. Each party may propound no more than **20** single part interrogatories. **Plaintiff may take a maximum of 5 depositions in addition to a deposition of each Defendant. Defendants may take 10 depositions collectively.** The parties have agreed to a maximum of **20** requests for admission by each party to any

other party.
Reports from retained experts under Rule 26(a)(2) will be due:
    **The Plaintiff's expert report shall be due August 13, 2015;**
    **Defendants' expert report shall be due 75 days after being served the Plaintiff's expert report;**
    **Plaintiff's shall have 30 days after being served defendants' expert report to file a rebuttal to defendants' expert report.**
    Supplementations under Rule 26(e) due by **August 30, 2015.**

B.     RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION: Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

C.     THE MAINTENANCE OF DISCOVERY MATERIALS: Discovery materials are NOT to be filed. All counsel are advised to consult local rule 26.1 which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be served on all parties, they are no longer to be filed unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

D.     VIDEO DEPOSITIONS: If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections, obtaining the Court's assistance if necessary, and edit the video accordingly so that the video may be shown without interruption. Failure to do this within a reasonable period of time prior to trial will result in objections being deemed to be waived.

E.     PROTECTIVE ORDERS: Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the court on the completion of litigation.

F.     DISCOVERY COMPLETION: All discovery shall be completed by **September 30, 2015.** Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to scheduled trial time.

## II. MOTIONS

A.     MOTIONS DEADLINE: All motions except motions in limine and motions to continue shall be filed by **December 15, 2015.** Parties may not extend this deadline by agreement

and stipulated extensions of the completion of discovery do not extend the Motions Deadline. Motions in limine shall be filed no later than three (3) weeks before the first day of the term in which the case has been placed on a published trial calendar. Responses to motions in limine shall be filed within five (5) business days of receipt of the motions in limine.

B.  MOTIONS: When filing motions, counsel should comply with Local Rule 7.1.

C.  MOTIONS HEARINGS: Hearings on motions ordinarily will be conducted only when the Rules require a hearing, or when the court determines that a hearing will assist the court. All motions requiring a hearing will be heard as soon as is practical. The Clerk will notify all parties as far in advance as possible of the date and time set for the hearing.

D.  **Prior to the filing of any motion relating to discovery, the movant must request a conference with the Court. This conference may be held telephonically or in chambers.**

## III. TRIAL

The trial is scheduled for the **April 11, 2016** term and is expected to take **5 days**.

## IV. TRIAL PROCEDURES

A.  TRIAL SUBPOENAS: Counsel must subpoena all witnesses at least ten (10) business days before the trial date. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

B.  COUNSEL'S DUTIES PRIOR TO TRIAL:
1. **At least two full weeks** before the trial date, counsel for all parties shall:
    (a) Discuss the possibility of a settlement;
    (b) Exchange copies of exhibits or permit inspection if
        copying is impractical; and
    (c) Number and become acquainted with all exhibits.

2. At least **four full weeks** before the first day of the term in which this case has been placed on a published trial calendar, counsel who intends to offer portions of depositions into evidence pursuant to Rule 32 shall serve on opposing counsel such portions of deposition testimony that he or she intends to offer into evidence as well as the basis under Rule 32(a) for the use of such depositions. Within three business days after receipt of the above, opposing counsel shall serve upon designating counsel any objections to the designated portions along with any counter-designations pursuant to Rule 32(a)(4). Any objections to counter-designations must likewise be served three business days after receipt of the counter-designations. At least **two full weeks** prior to the first day of the

3

term, counsel are directed to jointly file with the Court a copy of the designations, counter-designations, and objections thereto for the Court to consider prior to trial.

C. COUNSEL'S FILINGS BEFORE TRIAL: **Four full weeks before the trial,** counsel for each party shall file with the Court:
- (a) A trial brief;
- (b) A joint statement of the issues remaining for trial, if agreed upon by counsel, or if counsel cannot agree upon the issues remaining for trial, each party shall file its own statement of the issues;
- (c) In all non-jury cases, proposed Findings of Fact and Conclusions of Law;
- (d) Proposed jury instructions, as described below; and
- (e) Requests for voir dire.

The deadline indicated on the published trial calendar may not be extended for any reason. **Failure to comply with this deadline WILL result in sanctions.**

D. PROPOSED JURY INSTRUCTIONS: If a jury trial has been requested, all counsel shall file proposed jury instructions **four full weeks before the trial**. Additional instructions may be filed during the trial as circumstances may require. Counsel should number each proposed instruction and shall file each proposed instruction on a separate page. Each proposed instruction should contain a supporting citation(s) as a footnote.

E. JURY VOIR DIRE: The Court, after consideration of the requests for voir dire filed by counsel in compliance with Paragraph C above, shall conduct jury voir dire. Counsel will be given a limited opportunity to conduct additional voir dire, subject to the Court's supervision for reasonableness and relevance.

F. SANCTIONS FOR COUNSEL'S FAILURE TO MEET DEADLINE FOR FILING: If any party fails to comply timely with any provision of Paragraphs B, C and D above, the Court will impose such sanctions as the Court deems appropriate within the Court's power to do so.

G. COUNSEL'S FILINGS ON THE FIRST DAY OF TRIAL: No later than the morning of the first day of trial, counsel for each party shall file:
- (a) A witness list containing the name of every proposed witness;
- (b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;
- (c) Stipulations concerning the authenticity of as many proposed exhibits as possible; and
- (d) An exhibit list.

Four (4) courtesy copies of the above are to be provided to the courtroom deputy.

H. EXHIBITS: Parties are expected to use presentation technology available in the

courtroom to display evidence to the jury. Training on the equipment should be arranged well in advance of trial with the courtroom deputy. See "Courtroom Technology" link on the district website at www.ncwd.uscourts.gov. Counsel shall provide in electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file, for the use of Court personnel and the Court's Jury Evidence Recording System (JERS) during trial. Documents and photographs shall be in **.pdf, .jpg, .bmp, .tif,** or **.gif** format. Video and audio recordings shall be in **.avi, .wmv, .mpg, .mp3, .wma,** or **.wav** format. Each electronic exhibit shall be saved as a separate, independent file, and provided to the Court on a storage device, such as cd, dvd, or flash drive. Exhibit files shall be named consistent with their order and name on the exhibit list. For example:

  Exhibit 1 - photograph of . . .
  Exhibit 2(a) - contract
  Exhibit 2(b) - video deposition of . . .

**Parties are expected to have a physical copy of depositions with designations and counter designations available to read to a jury, with exhibits in electronic format so that deposition testimony may proceed without interruption.**

I. FORMAT FOR EXHIBIT LIST:  In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

 Exhibit #   Description  Identified by   Admitted

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column. Counsel shall also provide an electronic copy of the exhibit list with the electronic exhibit files.

J. ASSESSMENT OF JURY COSTS:   Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and per diem fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties.  When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

**V. ADR**

**No ADR has been agreed upon.**

## VI. SANCTIONS

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions.

IT IS SO ORDERED.

Signed: August 3, 2015

Graham C. Mullen
United States District Judge

6